UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK K. COLE #244961,

    Petitioner,

v.

GREG McQUIGGIN,

    Respondent.
    _____/

Case No. 2:09-CV-184

HON. ROBERT HOLMES BELL

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the Court on a Petitioner Patrick K. Cole's objections to the Magistrate Judge's November 30, 2009, Report and Recommendation ("R&R") recommending that Petitioner's § 2254 petition for writ of habeas corpus be dismissed with prejudice pursuant to Rule 4 of the Rules Governing § 2254 Cases, because it plainly appears that Petitioner's claims are barred by the applicable statute of limitations. (Dkt. No. 9.) After receiving an extension of time, (Dkt. No. 11), Petitioner filed objections to the R&R on January 6, 2010. (Dkt. No. 13.) Petitioner also filed a motion to stay (Dkt. No. 12), a supplement to his motion to stay (Dkt. No. 15), and a motion for release (Dkt. No. 18).

This Court is required to make a de novo determination of those portions of the R&R to which objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b). Although the Magistrate Judge's R&R is reviewed de novo, this Court must review the state court proceedings consistent with the standards set forth in 28 U.S.C. § 2254.

Before dismissing a petition as untimely, the Court must accord the parties fair notice and an opportunity to present their positions. *Day v. McDonough*, 547 U.S. 198, 209-10 (2006); *Bowling v. Haeberline*, 246 F. App'x 303, 305 (6th Cir. 2007). Because the one-year statute of limitations in 28 U.S.C. § 2244(d)(1)(A) is not jurisdictional, "a petitioner who misses the deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004) (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) "The petitioner bears the burden of demonstrating that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly." *Dunlap*, 250 F.3d at 1008-09.

Petitioner was given notice in the R&R that his claims were barred by the applicable statute of limitations. He was also given notice that his ability to file objections to the R&R constituted his opportunity to be heard before dismissal of his petition on statute of limitations grounds. In his objections Petitioner does not raise any objections to the R&R's finding that his petition is time-barred. He does he contend that he is entitled to equitable

2

tolling, and the evidence attached to his objections does not suggest a basis for equitable tolling. Petitioner has completely ignored the statute of limitations bar that is basis for the R&R's recommendation for dismissal. Petitioner simply uses his objections to press his assertion that he has demonstrated a substantial showing of the denial of his constitutional rights. The Court cannot consider the merits of Petitioner's claims if his claims are time-barred. Petitioner has failed to meet his burden of demonstrating that his petition is not time-barred or that he is entitled to equitable tolling. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the Report and Recommendation of the Magistrate Judge (Dkt. No. 13) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the November 30, 2009, Report and Recommendation of the Magistrate Judge (Dkt. No. 9) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus (Dkt. No. 1) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Petitioner's motion to stay (Dkt. No. 12), supplement to motion to stay (Dkt. No. 15), and motion for release (Dkt. No. 18) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. *Slack v. McDaniel*, 529 U.S. 473 (2000).

Dated: August 17, 2010    /s/ Robert Holmes Bell
　　　　　　　　　　　　　　ROBERT HOLMES BELL
　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

3